## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS ANDREW BALL, personally and as )
Benefactor of the Eleanor R. Ball Irrevocable )
Living Trust 05/10/01, )
                   )
            **Plaintiff,** )
                   )
vs. )     **CIVIL NO. 09-405-GPM**
                   )
CAROL L. BALL and CHRISTOPHER )
KOKISH, their estate and assigns, both )
severally and individually, )
                   )
            **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

       The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *GE Commercial Distrib. Fin. Corp. v. Buchanan*, Civil No. 08-778-GPM, 2009 WL 909527, at *1 (S.D. Ill. Apr. 1, 2009). *Cf. Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007). Plaintiff Dennis Andrew Ball brings this action personally and as trustee of the Eleanor R. Ball Irrevocable Living Trust ("the Trust") against Defendants Carol L. Ball and Christopher Kokish asserting what appears to be a claim for common-law breach of fiduciary duty in connection with alleged maladministration of the Trust by Ball and Kokish. The basis for the Court's subject matter jurisdiction alleged in the complaint is federal diversity jurisdiction, which requires, of course, that all parties to an action be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of

$75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *1 (S.D. Ill. June 30, 2006).

Dennis Ball, who as the proponent of federal subject matter jurisdiction bears the burden of proof as to the existence of such jurisdiction in this case, *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), has failed to allege properly the citizenship of the parties as well as the jurisdictional amount in controversy. With respect to complete diversity of citizenship, the parties to this case are natural persons. Where natural persons are concerned, federal subject matter jurisdiction in diversity is established by allegations that a person is a citizen of a state, with such citizenship being determined, of course, by the state where the person is domiciled, that is, physically present with an intent to remain in that state indefinitely. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). To establish complete diversity of citizenship in this case, Dennis Ball must allege his own citizenship as well as the citizenship of Carol Ball and

Christopher Kokish.[1]  Additionally, Ball must amend his complaint to allege that an amount in excess of $75,000, exclusive of interest and costs, is in controversy in this case.

To conclude, Plaintiff Dennis Andrew Ball is hereby **ORDERED** to file an amended complaint in accordance with this Order not later than **ten (10) days** from the date of entry of this Order.  In amending his complaint, Ball is not to allege facts showing the existence of diversity jurisdiction in this case on the basis of information and belief.  *See Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).  Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

**IT IS SO ORDERED.**

DATED: 6/1/09


s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

---

1.    It appears from the allegations of the complaint that Dennis Ball is domiciled in Illinois and that Carol Ball and Christopher Kokish are domiciled in California.  If so, the allegations of the complaint with respect to diversity of citizenship should state that Dennis Ball is a citizen of Illinois and that Carol Ball and Christopher Kokish are citizens of California.